UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SEAN PATRICK MAYO                       CIVIL ACTION NO. 18-cv-1040

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

C CROSS TRANSPORT, INC., ET AL          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Sean Patrick Mayo ("Plaintiff") filed this civil action in state court, and Defendants removed it based on an assertion of diversity jurisdiction. The notice of removal alleges that Plaintiff is a citizen of Louisiana, and the properly joined defendants are citizens of Alabama, Delaware, and Pennsylvania.

Before the court is a Motion for Leave to File Complaint in Intervention (Doc. 27) by Liberty Insurance Corporation. Liberty alleges that Plaintiff has collected over $350,000 in workers' compensation benefits from Liberty in connection with his injuries. The insurer wishes to intervene and assert its right of subrogation with respect to those benefits.

A complaint in intervention that seeks to assert a workers' compensation subrogation claim requires diversity between the intervenor (who is aligned as a plaintiff) and the defendants. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). Accordingly, it is important to know Liberty's citizenship before deciding whether it should be allowed to intervene. If Liberty shares citizenship with any of the defendants

(Alabama, Delaware, and Pennsylvania), it could destroy jurisdiction and require remand to state court.

Liberty's proposed complaint in intervention alleges that it "is a foreign insurer authorized to do and doing business in the State of Louisiana." That is not sufficient to determine Liberty's citizenship. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The court cannot determine from Liberty's current motion whether granting leave for it to intervene would destroy subject matter jurisdiction. Accordingly, Liberty's **Motion for Leave to File Complaint in Intervention (Doc. 27) is denied without prejudice**. Liberty will be allowed until **November 13, 2018** to submit a new motion that sets forth appropriate facts regarding its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of October, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge