UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SEAN PATRICK MAYO                         CIVIL ACTION NO. 18-cv-1040

VERSUS                                    CHIEF JUDGE HICKS

C CROSS TRANSPORT, INC., ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Sean Patrick Mayo ("Plaintiff"), a diesel mechanic, was making repairs to a semi-trailer when the trailer collapsed and caused serious injuries to his head and upper body. Plaintiff, represented by attorney Trey Morris and other members of his firm, filed suit in state court against four defendants connected to the accident. Some of the defendants removed the case to this court based on diversity jurisdiction. The case progressed for several months though discovery and motion practice.

Plaintiff's attorneys filed a motion to withdraw (Doc. 63) in November 2019. The motion included a certificate that it had been served on Plaintiff by certified mail, and it was accompanied by a letter from counsel to Plaintiff that informed him that counsel had terminated their representation and that Plaintiff should "seek other counsel if you wish to proceed with this matter."

The court issued an order (Doc. 64) on November 19, 2019 that granted the motion to withdraw and strongly encouraged Plaintiff to retain new counsel. The order stated that Plaintiff was granted until December 20, 2019 to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent

himself. The order warned: "Failure to take one of those steps by December 20, 2019 may result in Mr. Mayo's case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Plaintiff at his home address that was provided by his former counsel. The mailed item has not been returned, so it was presumably delivered as addressed. Faciane v. Sun Life Assurance Co. of Canada, 931 F.3d 412, 420 (5th Cir. 2019). It is now more than two weeks past the deadline, and Plaintiff has not enrolled new counsel or taken any other action of record.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1982).

The court provided Plaintiff ample time to secure new counsel or indicate his desire to proceed without counsel. He did not take even the simple step of stating in writing that he desired to proceed with this case on his own. The court cannot proceed with litigation without the participation of a plaintiff, so proceeding further would be a waste of time and resources for both the court and the defendants.

Dismissal without prejudice for failure to prosecute is certainly warranted under the circumstances. When a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation, the dismissal is assessed as if it were a dismissal

with prejudice.  Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 844 (5th Cir. 2018).  The one-year prescription period may bar Plaintiff from refiling his claim later; his accident allegedly happened on January 5, 2018.  Accordingly, the court must consider whether dismissal with prejudice is warranted.

Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.  Griggs, 905 F.3d at 844.  In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct.  Id.

Dismissal is still appropriate because the court has given Plaintiff a reasonable opportunity to move forward with the case.  Plaintiff personally caused delay by failing to respond to a simple court order.  His conduct appears to be intentional; there is no basis to find it was due to negligence or oversight.  Plaintiff did not respond to the recent order, so the undersigned does not believe that there is a lesser sanction that would gain his participation, better serve the interests of justice, or warrant the court attempting to continue to maintain this case.  Dismissal with prejudice is warranted.  Dismissal without prejudice is the appropriate action under the circumstances, even though its effect may be equivalent to a dismissal with prejudice.

Accordingly,

It is recommended that all claims by Sean Patrick Mayo against the defendants in this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge